IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| N.R. A MINOR, et al.,<br><br>        Plaintiffs,<br>  v.<br><br>SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT,<br><br>        Defendant.<br>_____/ | No. C 05-00441 SI<br><br>**ORDER DENYING PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

On August 24, 2005, plaintiffs filed an application seeking a temporary restraining order from this Court "prohibiting Defendant from interfering with Plaintiffs' right to 'stay put' of the behavioral support services provided to Plaintiffs pursuant to their existing settlement agreements with Defendant and Plaintiffs' right to participate in their 2005-2006 classroom placements with the behavior support services provided by their current service providers." Pls.' Mot. at 11:22-25.

This Court may issue a TRO only if "immediate and irreparable injury, loss, or damage will result to the applicant" if the order does not issue. Fed. R. Civ. P. 65(b). In evaluating an application for a preliminary injunction, this Court "must consider the likelihood that the [moving party] will prevail on the merits and the possible harm to the parties from the granting or denial of the injunction." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984). Ultimately, the moving party must demonstrate either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in their favor. Gilder v. PGA Tour, Inc., 936 F.2d 417, 422 (9th Cir. 1991); Miss World (UK) Ltd. v. Mrs. America Pageants, Inc., 856 F.2d 1445, 1448 (9th Cir. 1988); Rodeo Collection, Ltd. v. West Seventh, 812 F.2d 1215, 1217 (9th Cir. 1987 ). "These are not two distinct tests, but rather the opposite ends of a single 'continuum in which the required showing of harm

varies inversely with the required showing of meritoriousness.'" Miss World, 856 F.2d at 1448 (quoting Rodeo Collection, 812 F.2d at 1217).

Plaintiffs seek a TRO to ensure that their current behavioral services providers, rather than the District providers, will attend class with them on the first day of school, which is Monday, August 29, 2005. In administrative proceedings before the state Office of Administrative Hearings ("OAH"), defendant has filed motions seeking a determination that each plaintiff's "stay put" behavioral services provider is the District's proposed provider.[1] These motions were served on plaintiffs at the end of July. Decl. of Sue Ann Salmon Evans ¶ 3. Although presumably plaintiffs have been aware of both the pending "stay put" motions and the academic calendar for some weeks, they chose to file this TRO request on the Wednesday before the Monday on which school starts, and have offered no explanation for this delay.

The Court finds that plaintiffs have not established their entitlement to a TRO under either of the applicable tests. They cannot show likelihood of success on the merits because there are serious questions about the Court's jurisdiction over this action. In addition, plaintiffs have not demonstrated irreparable harm from having services provided by District providers rather than the current providers. Plaintiffs essentially ask the Court to find that their current providers are the appropriate "stay put" providers rather than the District providers, which is precisely the question before the OAH. Under the circumstances, the Court finds it necessary to allow the administrative procedures to play out without its interference.

Accordingly, plaintiffs' request for a temporary restraining order is DENIED.

**IT IS SO ORDERED.**

Dated: August 25, 2005

SUSAN ILLSTON
United States District Judge

---

[1] The due process hearings on this issue are scheduled for September 13 and 27, 2005, and October 25, 2005.

2

United States District Court
For the Northern District of California

1
2
3
4
5  IN THE UNITED STATES DISTRICT COURT
6  FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8  N.R. A MINOR, et al.,                         No. C 05-00441 SI
9          Plaintiffs,                           **ORDER DENYING PLAINTIFFS'**
       v.                                        **APPLICATION FOR TEMPORARY**
10                                               **RESTRAINING ORDER**
    SAN RAMON VALLEY UNIFIED SCHOOL
11  DISTRICT,
12          Defendant.
                                             /
13

14          On August 24, 2005, plaintiffs filed an application seeking a temporary restraining order from this Court "prohibiting Defendant from interfering with Plaintiffs' right to 'stay put' of the behavioral support services provided to Plaintiffs pursuant to their existing settlement agreements with Defendant and Plaintiffs' right to participate in their 2005-2006 classroom placements with the behavior support services provided by their current service providers." Pls.' Mot. at 11:22-25.

         This Court may issue a TRO only if "immediate and irreparable injury, loss, or damage will result to the applicant" if the order does not issue. Fed. R. Civ. P. 65(b). In evaluating an application for a preliminary injunction, this Court "must consider the likelihood that the [moving party] will prevail on the merits and the possible harm to the parties from the granting or denial of the injunction." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984). Ultimately, the moving party must demonstrate either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in their favor. Gilder v. PGA Tour, Inc., 936 F.2d 417, 422 (9th Cir. 1991); Miss World (UK) Ltd. v. Mrs. America Pageants, Inc., 856 F.2d 1445, 1448 (9th Cir. 1988); Rodeo Collection, Ltd. v. West Seventh, 812 F.2d 1215, 1217 (9th Cir. 1987 ). "These are not two distinct tests, but rather the opposite ends of a single 'continuum in which the required showing of harm

varies inversely with the required showing of meritoriousness.'" Miss World, 856 F.2d at 1448 (quoting Rodeo Collection, 812 F.2d at 1217).

Plaintiffs seek a TRO to ensure that their current behavioral services providers, rather than the District providers, will attend class with them on the first day of school, which is Monday, August 29, 2005. In administrative proceedings before the state Office of Administrative Hearings ("OAH"), defendant has filed motions seeking a determination that each plaintiff's "stay put" behavioral services provider is the District's proposed provider.[1] These motions were served on plaintiffs at the end of July. Decl. of Sue Ann Salmon Evans ¶ 3. Although presumably plaintiffs have been aware of both the pending "stay put" motions and the academic calendar for some weeks, they chose to file this TRO request on the Wednesday before the Monday on which school starts, and have offered no explanation for this delay.

The Court finds that plaintiffs have not established their entitlement to a TRO under either of the applicable tests. They cannot show likelihood of success on the merits because there are serious questions about the Court's jurisdiction over this action. In addition, plaintiffs have not demonstrated irreparable harm from having services provided by District providers rather than the current providers. Plaintiffs essentially ask the Court to find that their current providers are the appropriate "stay put" providers rather than the District providers, which is precisely the question before the OAH. Under the circumstances, the Court finds it necessary to allow the administrative procedures to play out without its interference.

Accordingly, plaintiffs' request for a temporary restraining order is DENIED.

**IT IS SO ORDERED.**

Dated: August 25, 2005

SUSAN ILLSTON
United States District Judge

---

[1] The due process hearings on this issue are scheduled for September 13 and 27, 2005, and October 25, 2005.

2