IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| N.R., a minor, et al., | No. C 05-00441 SI |
|     Plaintiffs, | **ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |
| v. | |
| SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT, | |
|     Defendant. | |
| AND RELATED THIRD PARTY CLAIM. | |

On October 14, 2005, the Court heard oral argument on defendant San Ramon Valley Unified School District's motion for judgment on the pleadings. After the hearing, the parties submitted supplemental briefing on the effect, if any, of the 2005 amendments to the Individuals with Disabilities in Education Act ("IDEA"). Having considered the arguments of counsel and all the briefing, the Court hereby GRANTS defendant's motion.

**BACKGROUND**

On January 31, 2005, plaintiffs N.R., L.C., R.P., E.P., and N.B., all minors, filed a complaint against defendant San Ramon Valley Unified School District ("District"). Plaintiffs allege that they are each students with one or more disabilities, and that they are each currently receiving behavioral services from Synergistic Interventions ("SI"), a non-public agency certified by the State of California to provide intensive behavioral support services to special needs children in both home and school settings. *See* Complaint ¶ 18. Plaintiffs allege that these services are being provided to each of the plaintiffs pursuant to either an Individual Education

Program ("IEP") or a settlement agreement with the defendant,[1] or both. *Id.*

Plaintiffs allege that on January 27, 2005, defendant advised plaintiffs that after February 1, 2005, SI would no longer be available to provide services to any students within the district. *Id.* at ¶ 20. Plaintiffs allege that SI informed them that its "unavailability" was the result of a confidential mediation agreement between SI and the District in a lawsuit concerning payment for behavioral services provided to district students. *Id.* Plaintiffs allege that defendant advised plaintiffs that the District would select new behavioral services providers to begin working with plaintiffs beginning February 2, 2005, regardless of whether the District received parental consent to the new service providers. *Id.*[2]

Plaintiffs seek to prevent defendant from replacing SI with new behavioral services providers, and they allege that defendant is "obligated to continue all current services to plaintiffs as the last agreed upon and implemented services." *Id.* at ¶ 23. Plaintiffs have alleged three causes of action: (1) declaratory relief under the IDEA and the California Education Code; (2) injunctive relief under the IDEA and California Education Code §§ 56000 *et seq.*; and (3) breach of contract for alleged violations of settlement agreements between some plaintiffs and defendant. *Id.* at ¶¶ 22-33.

**LEGAL STANDARD**

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. Proc. 12(c). Rules 12(b)(6) and 12(c) are substantially identical. *See* William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial § 9:319. Under either provision, a court must determine whether the facts alleged in the complaint, to be taken for these purposes as true, entitle the plaintiff to a legal remedy. *Id.* If the complaint fails to articulate a legally sufficient claim, the complaint should be dismissed or judgment granted on the pleadings.

---

[1] The complaint alleges that four of the plaintiffs have entered into "settlement agreements" with the District. The complaint does not provide any details regarding the context in which these agreements were entered into, or when the agreements were signed.

[2] It is unclear from the parties' papers whether SI is currently still providing services or whether the District has already replaced SI.

**DISCUSSION**

**1.  First and Second Causes of Action Under the IDEA and California Education Code**

The District contends that plaintiffs' first and second causes of action should be dismissed for failure to exhaust administrative remedies under the IDEA. The IDEA provides that a complainant may file an action under the Constitution, the Americans with Disabilities Act, Title V of the Rehabilitation Act of 1973, or other federal laws which protect the rights of children with disabilities "except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter." 20 U.S.C. § 1415(l) (as amended July 1, 2005).

Under the IDEA, parents are entitled to complain "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to the child." *Id.* at § 1415(b)(6)(A). After making their complaint, parents are entitled to "an impartial due process hearing." *Id.* at § 1415(f). A decision of the due process hearing "shall be final," *id.* at § 1415(i)(1)(A), except that "[a]ny party aggrieved by the findings and decision . . . shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States." *Id.* at § 1415(i)(2)(A).

California Education Code §§ 56500-56507 sets forth the administrative scheme for due process hearings under the IDEA. Under these provisions, parents may initiate a due process hearing regarding a proposal to change identification, assessment or educational placement of a child, and such hearing will be conducted at the state level. *See* Cal. Educ. Code § 5601(a)(1), (b)(4).

Here, plaintiffs seek declaratory and injunctive relief regarding educational services specified in their IEPs. Plaintiffs request the Court to "maintain SI as the current behavior support services provider for plaintiffs until the agreed-upon transition process has been successfully completed." Complaint, Prayer ¶ 1. Plaintiffs allege that defendant is in violation of the IDEA's "stay put" provision, which plaintiffs contend prohibits defendant from changing services providers. *Id.* at ¶ 26. The relief plaintiffs seek is available under the IDEA, and thus plaintiffs are required to exhaust their administrative remedies. *See Hoeft*, 967 F.2d at 1309 (plaintiffs required to exhaust administrative remedies because "the administrative process has the potential for producing

the very result plaintiffs seek, namely, statutory compliance."); *see also Tyler B. v. San Antonio Elem. Sch. Dist.*, 253 F. Supp. 2d 1111, 1118 (N.D. Cal. 2003).

Plaintiffs contend that they are not required to exhaust administrative remedies because it is "improbable" that they will obtain adequate relief through administrative procedures. In support of this argument, plaintiffs assert that "it is extremely unlikely that, as a result of a due process hearing, any plaintiff could obtain equitable or legal relief to adequately address a situation where, as here, plaintiffs have alleged that defendant district has attempted to contract with a third party for the purpose of intentionally and wrongfully interfering with plaintiffs' contractual and statutory rights." Plaintiffs' Opposition at 2. Plaintiffs offer no case law or statutory authority for this proposition. Moreover, plaintiffs have not demonstrated that any of the exceptions to the administrative exhaustion requirement, as described in *Hoeft*, are applicable here. *See Hoeft*, 967 F.2d at 1303-04 (stating exhaustion is not required where it would be futile, inadequate, or when an agency has adopted a policy or pursued a practice of general applicability that is contrary to the law).

Alternatively, plaintiffs seek leave to amend their complaint to specifically allege exhaustion of administrative remedies. Plaintiffs contend that they have satisfied this requirement by filing compliance complaints with the California Department of Education's Compliance Unit. The Ninth Circuit in *Hoeft* held that district courts have discretion to determine, on a case by case basis, whether a compliance complaint "would substitute for exhausting IDEA procedures in challenges to facially invalid policies." *Id.* at 1308. The court noted that a compliance complaint "may furnish an appropriate administrative remedy where the only purposes served by exhaustion are to notify the state of local noncompliance and to afford it an opportunity to correct the problem." *Id.*

The Court concludes that a compliance complaint filed with CDE would not substitute for exhausting the IDEA administrative procedures in this case because plaintiffs are not challenging a facially invalid policy, but rather seek relief in the form of continued and uninterrupted services from their current services provider. As stated above, such relief is available through the administrative process, and plaintiffs must exhaust those remedies.

Plaintiffs also state, somewhat inconsistently, that they have exhausted their administrative remedies by "participating" in due process hearings concerning their claims that the District breached its settlement

4

agreements with plaintiffs. In their reply, defendants state that these administrative proceedings have not concluded, and plaintiffs' counsel did not contradict this statement at oral argument or in the supplemental briefing. Accordingly, because the administrative proceedings have not concluded, plaintiffs have not exhausted their administrative remedies and the Court lacks jurisdiction over plaintiffs' first and second causes of action under the IDEA and the California Education Code. The Court hereby GRANTS defendant's motion and DISMISSES WITHOUT PREJUDICE plaintiffs' first and second causes of action.

**2.    Third Cause of Action for Breach of Contract**

Defendant moves to dismiss plaintiffs' remaining claim for breach of contract for lack of subject matter jurisdiction because there is neither diversity nor federal question jurisdiction over this cause of action. At oral argument, plaintiffs contended for the first time that the recent amendments to the IDEA conferred federal jurisdiction over claims to enforce settlement agreements that resolve IDEA disputes. The parties have submitted supplemental briefing on this issue.

The Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, 118 Stat. 2647 (2004), made numerous substantive amendments to the IDEA. Plaintiffs' jurisdictional argument is based on the amended version of 20 U.S.C. § 1415(e)(2)(F), which provides,

> (F) WRITTEN AGREEMENT. – In the case that a resolution is reached to resolve the complaint through the mediation process, the parties shall execute a legally binding agreement that sets forth such resolution and that –
>
> > (i) states that all discussions that occurred during the mediation process shall be confidential and may not be used as evidence in any subsequent due process hearing or civil proceeding;
> >
> > (ii) is signed by both the parent and a representative of the agency who has the authority to bind such agency; and
> >
> > (iii) is enforceable in any State court of competent jurisdiction or in a district court of the United States.

20 U.S.C. § 1415(e)(2)(F) (2005). Plaintiffs contend that this subsection confers jurisdiction in this Court to enforce the settlement agreements entered into between the plaintiffs and the District. Defendants contend that this language does not confer such jurisdiction, and that even if it does confer jurisdiction, it only does so for settlement agreements entered into after July 1, 2005, the effective date of the IDEA amendments.

5

The Court concludes that even if the recent amendments to IDEA conferred jurisdiction on the federal courts to enforce settlement agreements reached through the IDEA mediation process, these amendments do not operate to confer such jurisdiction in this case. The amendment to § 1415(e)(2)(F), along with many of the other amendments, took effect on July 1, 2005. *See* 20 U.S.C. § 1400 (2005).[3] It is undisputed that all of the settlement agreements between plaintiffs and the District were entered into prior to July 1, 2005.[4] Thus, the amended version of § 1415 would only apply to the settlement agreements at issue if the Court applied the amendment retroactively.[5]

Plaintiffs contend that the Court can retroactively apply § 1415(e)(2)(F) because it is strictly jurisdictional and does not expand the parties' rights or obligations. However, even if plaintiffs' interpretation of § 1415(e)(2)(F) is correct, there is nothing in the amendments to suggest that courts may retroactively apply any of the amendments, much less retroactively apply certain subsections on a piecemeal basis. *Cf. Tucker v. Calloway County Bd. of Educ.*, 136 F.3d 495, 501 (6th Cir. 1998) (holding that 1997 IDEA amendments were prospective only and noting that nothing in the 1997 amendments suggested retroactive application). In addition to amending § 1415(e)(2)(F), the Individuals with Disabilities Education Improvement Act of 2004 made numerous substantive amendments to the IDEA which clearly do affect parties' rights and obligations under that statute. *See, e.g.,* 20 U.S.C. § 1415(c) (2005) (setting forth new requirements regarding content of written notice provided to parents as well as new subsection regarding handling of due process complaints). Plaintiffs provide no authority for the proposition that the Court can retroactively apply a single amended subsection of a statute in the absence of clear language authorizing such piecemeal retroactivity. Indeed, the Court concludes that to do so would be contrary to the "presumption against retroactive legislation that is deeply rooted in our jurisprudence." *Hughes Aircraft Co. v. U.S. ex rel. Schumer*, 520 U.S. 939, 946

---

[3] The other amendments took place either on the date of the Act's enactment, December 3, 2004, or on October 1, 2005. *See id.*

[4] Although the complaint does not specify when the settlement agreements were entered into, they were all entered into prior to January 31, 2005, the date the complaint in this case was filed.

[5] Section 1415(e)(2)(F) would also only apply if the settlement agreements were entered into pursuant to the IDEA mediation process. The complaint does not describe the circumstances under which the settlement agreements were negotiated. Because the Court concludes that § 1415(e)(2)(F) does not apply retroactively, it need not address this factual question.

(1997) (internal quotation omitted).

Because the Court concludes that § 1415(e)(2)(F) does not confer federal subject matter jurisdiction over plaintiffs' third cause of action, and because the Court has dismissed plaintiffs' IDEA claims for failure to exhaust administrative remedies, there is no basis for jurisdiction over plaintiffs' breach of contract claim. *Cf. Opera Plaza Residential Homeowners Association v. Tuan Hoang*, 376 F.3d 831, 840 (9th Cir. 2004) (noting breach of contract claim is "creature of state law."). Accordingly, the Court GRANTS defendant's motion for judgment on the pleadings and DISMISSES this cause of action without prejudice.

### 3. Leave to Amend

Plaintiffs seek leave to amend to allege claims under 42 U.S.C. § 1983 "based upon defendant's violation of the IDEA and plaintiffs' rights to due process, equal protection and free speech as guaranteed by the United States Constitution." Plaintiff's Opposition at 4. Plaintiffs also contend that they can state a claim under Section 504 of the Rehabilitation Act of 1973. Significantly, plaintiffs have not submitted a proposed amended complaint, nor do they elaborate in any way on the nature of these proposed claims.

The Court concludes that allowing plaintiffs to amend the complaint would be futile, and thus DENIES leave to amend. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). For all of the reasons set forth above regarding the failure to exhaust administrative remedies under IDEA, plaintiffs cannot reframe their IDEA claims under Section 1983 because they would still be required to exhaust administrative remedies. *See Robb*, 308 F.3d at 1048 (affirming dismissal of § 1983 claim based on IDEA when plaintiff failed to exhaust administrative remedies). Similarly, to the extent that plaintiffs' amended complaint would be alleging "injuries that could be redressed to any degree by the IDEA's administrative procedures and remedies, exhaustion of those remedies is required." *Id.*; *see also* 20 U.S.C. § 1415(l) (stating exhaustion of IDEA remedies is required prior to filing suit under ADA, Rehabilitation Act, Constitution, or other federal laws if relief sought is available under IDEA).

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's

7

motion for judgment on the pleadings, DISMISSES plaintiffs' claims WITHOUT PREJUDICE, and DENIES plaintiffs' request for leave to amend. [Docket No. 59].

Dated: November 23, 2005

                                                SUSAN ILLSTON
                                                United States District Judge