IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| N.R., a minor, et al., | No. C 05-0441 SI |
| Plaintiffs, | **ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES** |
| v. | |
| SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT, et al., | |
| Defendants. | |

Defendant San Ramon Valley Unified School District moves for an award of attorneys' fees in the sum of $133,157.50 pursuant to contractual terms contained in settlement agreements between plaintiffs and defendant. Having carefully considered parties' papers and supporting declarations, the Court hereby DENIES defendant's motion.

**BACKGROUND**

On January 31, 2005, plaintiffs N.R., L.C., R.P., E.P., and N.B., all minors, filed a complaint against defendant San Ramon Valley Unified School District ("District"), and Does 1-20. The complaint alleged that each plaintiff was a student with one or more disabilities, and that they were receiving behavioral services from Synergistic Interventions ("SI"), a non-public agency certified by the State of California to provide intensive behavioral support services to special needs children in both home and school settings. Complaint at ¶ 18. Plaintiffs alleged that these services were being provided to each of the plaintiffs pursuant to either an Individual Education Program ("IEP") or a settlement

1 agreement with the District, or both. *Id.*

2 Plaintiffs sought to prevent defendant from replacing SI with new behavioral services providers. The complaint alleged three causes of action: (1) declaratory relief under the Individuals with Disabilities Education Improvement Act ("IDEA") and the California Education Code; (2) injunctive relief under the IDEA and California Education Code §§ 56000 *et seq.*; and (3) breach of contract for alleged violations of settlement agreements between four of the five plaintiffs and defendant. *Id.* at ¶¶ 22-33.

On November 28, 2005, this Court dismissed plaintiffs' three causes of action without prejudice and denied their request for leave to amend. The Court dismissed the first and second causes of action, declaratory and injunctive relief under IDEA and the California Education Code, for lack of jurisdiction due to plaintiffs' failure to exhaust administrative remedies. *See* Docket No. 84, Order Granting Defendant's Motion for Judgment on the Pleadings ("Order") at 5:3-6. The Court dismissed plaintiffs' breach of contract claim for lack of subject matter jurisdiction. The Court rejected plaintiffs' contention that the 2004 IDEA amendments retroactively conferred federal jurisdiction over claims to enforce settlement agreements that resolve IDEA disputes. *Id.* at 6-7. The Court dismissed the breach of contract claim without prejudice. *Id.* at 7:7.

## DISCUSSION

Defendant requests an award of attorneys' fees in the amount of $133,157.50 pursuant to its settlement agreements with plaintiffs N.R., E.P., L.C., and N.B. Each of these settlement agreements provides that "[i]f either party brings an action to enforce this Agreement the prevailing party shall be entitled to reasonable attorneys' fees." Def's Motion, Ex. A-D. Relying on these settlement agreements and California Civil Code Section 1717, defendant argues it is entitled to attorneys' fees because plaintiffs' breach of contract claims were based upon alleged breaches of the settlement agreements, and defendant is the prevailing party in light of the Court's dismissal of the complaint without leave to amend.

California Civil Code Section 1717 provides, in relevant part,

In any action on a contract, where the contract specifically provides that attorney's fees

2

> and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, *then the party who is determined to be the party prevailing on the contract*, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs. . . .
>
> The court, upon notice and motion by a party, shall determine who is the party *prevailing on the contract* for purposes of this section, whether or not the suit proceeds to final judgment. Except as provided in paragraph (2), the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also determine that there is no prevailing party on the contract for purposes of this section.

Cal. Civ. Code § 1717(a), (b)(1) (emphasis added).[1]  In *Hsu v. Abbara*, 9 Cal. 4th 863 (1995), the California Supreme Court instructed:

> In deciding whether there is a "party prevailing on the contract," the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources. The prevailing party determination is to be made only upon final resolution of the contract claims and only by a comparison of the extent to which each party has succeeded and failed to succeed in its contentions.

*Id.* at 876 (quotations and citations omitted). The *Hsu* court held that a trial court has discretion to deny fees under Section 1717 under certain circumstances, such as when the ostensibly prevailing party receives only part of the relief sought. *Id.* at 875. However, when a party secures a "simple, unqualified win" on the single contract claim contained in an action, as was the case in *Hsu*,[2] the trial court does not have discretion to find that there is no "prevailing party" under Section 1717. *Id.* at 876.

Here, although defendant is correct that it prevailed *in this action*, defendant did not prevail *on the contract claim*. The Court dismissed plaintiffs' breach of contract claim for lack of jurisdiction, and made no determination whatsoever as to the merits of that claim. Plaintiffs remain free, after this Court's decision, to pursue their breach of contract claims in state court. *See Idea Place Corp. v. Fried*, 390 F. Supp. 2d 903, 905 (N.D. Cal. 2005) (holding defendant not entitled to fees under Section 1717 because court dismissed breach of contract case for lack of subject matter jurisdiction). The cases cited by defendant are distinguishable because they involve situations where a party specifically prevailed

---

[1] Section 1717(b)(2), which applies to voluntary dismissals or dismissals upon settlement, does not apply to this case.

[2] In *Hsu*, the defendant property owners were sued for breach of a real estate sales contract by the prospective purchasers of the property. The trial court entered judgment in favor of the defendants after finding that no contract was ever formed between the parties. Without explanation, the trial court denied the defendants' request for attorneys' fees under Section 1717.

3

on a contract claim. *See, e.g.*, *Diamond v. John Martin Co.*, 753 F.2d 1465, 1467 (9th Cir. 1985) (court held no contract formed); *Hsu*, 9 Cal. 4th at 876 (trial court held no contract formed between parties); *Pacific Custom Tools, Inc. v. Turner Constr.*, 79 Cal. App. 4th 1254, 1273 (2000) (summary judgment granted in favor of defendant on plaintiff's breach of contract claim).

The Court is also not persuaded that *Elms v. Builders Disbursements, Inc.*, 232 Cal. App. 3d 671 (1991), and *Winick, Inc. v. Safeco Insurance Co.*, 187 Cal. App. 3d 1502 (1986), compel a contrary result. In *Elms*, a defendant was awarded fees under Section 1717 after a court dismissed the case for failure to bring it to trial within five years. The *Elms* court found that the defendant had prevailed on the contract claim because it had obtained all the relief it requested and had "plaintiff's claim thrown out completely." 232 Cal. App. 3d at 674. Similarly, in *Winick* the court awarded a defendant fees under a statute similar to Section 1717 after it obtained a dismissal with prejudice based upon the plaintiff's failure to serve and return the summons within three years. The *Winick* court noted that a dismissal with prejudice operates like a final judgment, and that accordingly the defendant had achieved a "total" victory. 187 Cal. App. 3d at 1508.

Here, unlike *Elms* or *Winick*, the Court's dismissal of plaintiffs' breach of contract claim was without prejudice. Thus, although defendant "prevailed" in the sense that it obtained a dismissal of that claim, defendant's victory is not a complete one because plaintiffs may pursue that claim in state court.

**CONCLUSION**

Accordingly, for the reasons set forth above, the Court exercises its discretion and DENIES defendant's motion. (Docket No. 88). The Court GRANTS defendant's motion to strike portions of plaintiffs' supplemental opposition, and accordingly STRIKES Section I and II of that brief as beyond the scope of the supplemental briefing. (Docket No. 126).

**IT IS SO ORDERED.**

Dated: July 5, 2006

SUSAN ILLSTON
United States District Judge

4